# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVESTER MARTIN, : | |
| : | Civil No. 1:13-CV-203 |
| Plaintiff : | |
| : | (Judge Rambo) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Defendant : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case.

In its current form this case presents a singular set of circumstances. The *pro se* plaintiff, a federal prisoner has sued the United States and the prison where he was housed alleging that in June of 2011 the prison served inmates chicken fajitas. (Doc. 1) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence and deliberate indifference on the part of the prison in the preparation and service of this food, the plaintiff seeks damages from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.,* and as a Bivens constitutional tort action.

The defendant has now moved to dismiss this complaint, citing a profound procedural failure by the plaintiff, a failure to exhaust administrative remedies within the prison system before filing this complaint. Such administrative exhaustion is required by law before an inmate may proceed into federal court. Having been cited by the defendants for this profound procedural shortcoming, the plaintiff has compounded this error by failing to respond to the motion to dismiss. Thus, a plaintiff who is alleged to have ignored one set of important procedural rules, has now discounted a second set of cardinal procedural benchmarks. In the face of this cascading array of procedural failures, we recommend that this action be dismissed.

This *pro se* civil rights action was initially brought by the plaintiff, a federal prisoner, through the filing of a complaint on January 28, 2013. (Doc. 1) As a *pro se* litigant the plaintiff was advised by this Court at this outset of this lawsuit of his responsibilities in this litigation. Thus, on January 28, 2013, the district court entered its Standing Practice Order in this case, an order which informed the plaintiff of his responsibility to reply to defense motions, and warned him in clear and precise terms of the consequences which would flow from a failure to comply with briefing schedules on motions, stating:

> If the party opposing the motion does not file his or her brief and any evidentiary material within the 14-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion. The motion may therefore be granted if: (1) the court finds it

meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

(Doc. 3, p.3)

On December 9, 2013, the defendants filed a motion to dismiss, which we also construed as a motion for summary judgment, in this case. (Doc. 25) This motion raised a straightforward legal claim, arguing that the plaintiff had failed to exhaust his administrative remedies within the prison before filing this lawsuit, something that prisoner plaintiffs are required by law to do as a prerequisite to seeking relief in federal court.

On December 10, 2013, we then underscored for the plaintiff in clear and precise terms his obligation to respond to this motion, as well as the consequences which would flow from a failure to respond, stating:

> IT IS FURTHER ORDERED that the defendant's motion to dismiss, which relies upon a certification that the plaintiff failed to exhaust his remedies, will be treated as a motion to dismiss or in the alternative for summary judgment, and the following briefing schedule with be set with respect to this motion:
>
> With respect to the outstanding motion, the plaintiff shall file a response to the motion in accordance with Local Rule 7.6 on or before **January 3, 2014**. Pursuant to Local Rule 7.7 the movant may then file a reply brief within 14 days of the filing of this response, or on or before **January 17, 2014**. All briefs must conform to the requirements prescribed by Local Rule 7.8.
>
> The plaintiff is also placed on notice that a failure to respond to a motion may result in the motion being deemed unopposed and granted. Further,

Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v.Mazurkiewicz, 951 F.2 d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). Therefore, a failure to comply with this briefing order may result in the motion being deemed unopposed and granted.

(Doc. 27)

Despite this explicit notice, the plaintiff has not responded to this motion, and the time for responding has now passed. Therefore, in the absence of any timely response by the plaintiff, we will deem the motion to be ripe for resolution.

For the reasons set forth below, we recommend that this motion be granted.

## II. Discussion

### A. Under The Rules of This Court This Motion to Dismiss Should Be Deemed Unopposed and Granted

At the outset, under the Local Rules of this Court the plaintiff should be deemed to concur in this motion, since the plaintiff has failed to timely oppose the motion, or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the Rules of this Court warrants dismissal of the action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v.

Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). In this case the plaintiff has not complied with the Local Rules, or this Court's orders, by filing a timely response to this motion. Therefore, these procedural defaults by the plaintiff compel the Court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the Court in a timely fashion ...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998).

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion'." Id. Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to this dispositive motion. This failure now compels us to apply the sanction called for under Rule 7.6 and deem the plaintiff to not oppose this motion.

### B. Dismissal of this Case Is Also Warranted Under Rule 41

Beyond the requirements imposed by the Local Rules of this Court, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness

of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011)(quoting Briscoe v. Klem, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992)." Briscoe v. Klaus, 538 F.3d at 263. Consistent with this view, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus, 538 F.3d at 263. Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the delays in this case are now entirely attributable to the plaintiff, who has failed to abide by court orders, and has otherwise neglected to litigate this case, or respond to defense motions.

Similarly, the second Poulis factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. Indeed, this factor–the prejudice suffered by the party seeking sanctions–is entitled to great weight and careful consideration. As the United States Court of Appeals for the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir.1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir.2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir.1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe v. Klaus, 538 F.3d at 259-60.

In this case the plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action. In such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor-the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.' Adams, 29 F.3d at 874." Briscoe v. Klaus, 538 F.3d at 260-61 (some citations omitted). Here, the plaintiff has allegedly failed to exhaust his administrative remedies before filing this lawsuit and now has failed to respond to a defense motion which highlights this earlier procedural failure. The plaintiff has also failed to timely file pleadings, and has not complied with orders of the Court. Thus, the plaintiff's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-

response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the plaintiff in this case. In this setting we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir.1994). At this juncture, when the plaintiff has failed to comply with instructions of the Court directing the plaintiff to take specific actions in this case, and has violated the Local Rules, the Court is compelled to conclude that the plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008); Emerson, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior

orders, and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiff still declines to obey court orders, and otherwise ignores his responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims, since the plaintiff is now wholly non-compliant with his obligations as a litigant. The plaintiff cannot refuse to address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him. Furthermore, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus, 538 F.3d at 263. Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent imposition of sanctions.

In any event, as discussed below, the plaintiff's claims clearly fail on their merits, yet another factor which favors dismissal of this action. The legal flaws inherent in these claims are discussed separately below.

## C. The Plaintiff's Claims Fail as a Matter of Law

As we have previously observed, this case presents an extraordinary circumstance. The plaintiff, a federal prisoner, has sued the United States under the Federal Tort Claims Act. However, it appears that the plaintiff has indulged in a profound procedural failure, a failure to exhaust administrative remedies within the prison system before filing this complaint. Having been cited by the defendants for this profound procedural shortcoming, the plaintiff has compounded this error by failing to respond to the motion to dismiss. Thus, a plaintiff who is alleged to have ignored one set of important procedural rules, has now discounted a second set of procedural benchmarks.

In this case the plaintiff's failure to timely pursue these administrative remedies–which is presently undisputed on this record–has substantive significance for the plaintiff. As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied. Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

In general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). The United States' "consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." Id. The Federal Tort Claims Act constitutes "a limited waiver of the United States's sovereign immunity." Id. The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674.

Prior to commencing an FTCA action against the United States in federal court, however, a plaintiff must "first present[] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA. 28 U.S.C. § 2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First Nat'l Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989)). The Supreme Court has likewise succinctly explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit. See, e.g., Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011); Accolla v. United States Gov't, 369 F. App'x 408, 409-10 (3d Cir. 2010) (finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

Judged against these benchmarks, this complaint fails since the defendant has asserted, without contradiction by the plaintiff, that none of the matters set forth in the complaint have been fully and properly exhausted as required by the FTCA. This failure to exhaust is fatal to this case, and compels dismissal of this action. In sum, this merits analysis reveals that this claim should be dismissed due to the plaintiff's

undisputed failure to exhaust his administrative claims before proceeding into federal court.

In addition to this failure to exhaust, Sylvester's claims are flawed in one other respect. <u>Bivens</u> constitutional tort actions and Federal Tort Claims Act lawsuits have very different requirements in terms of the parties that may properly be named as defendants. With respect to inmate claims made under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*., as a threshold matter, "[t]he FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674." <u>Moshier v. United States</u>, No. 05-180, 2007 WL 1703536, * 9 (W.D. Pa. June 11, 2007); <u>Baker v. United States</u>, No. 05-146, 2006 WL 1946877, * 4 (W.D. Pa. July 11, 2006). In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692, 700 (2004) (quoting <u>Richards v. United States</u>, 369 U.S. 1, 6 (1962)); <u>CNA v. United States</u>, 535 F.3d 132, 138 (3d Cir. 2008). Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). A person is permitted to sue under the FTCA to recover damages from the United States for personal injuries that he suffered during confinement in a federal prison that resulted from the negligence of a government employee. See Rinaldi v. United States, No. 1:09-CV-1700, 2010 U.S. Dist. LEXIS 66024, at *11 (M.D. Pa. July 1, 2010) (Rambo, J.) (citing United States v. Muniz, 374 U.S. 150 (1963)).

In contrast to FTCA actions, which must be brought against the United States, Bivens constitutional tort lawsuits can only be lodged against individual government officials. Indeed, it is well-settled that Bivens actions against the United States – and, by extension, against federal agencies or officials sued in their official capacity – are barred by sovereign immunity, absent an explicit waiver of that immunity. FDIC v. Meyer, 510 U.S. 471, 483 (1994); Huberty v. United States Ambassador to Costa Rica, 316 F. App'x 120 (3d Cir. Aug. 21, 2008); Douglas v. United States, 285 F. App'x 955 (3d Cir. 2008); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States). Therefore, a Bivens action cannot be brought against the United States, or a federal agency, since such claims are plainly barred by the doctrine of sovereign immunity. These principles defining proper parties

in Bivens and FTCA actions control here and compel dismissal of the Bivens claims currently lodged in this case since a Bivens claim cannot stand against the United States. Therefore, any Bivens claims asserted against the United States by the plaintiff must also be dismissed.

In sum, then, this complaint is flawed, and is subject to dismissal, on multiple, independent grounds. Accordingly, given the substantive failings in this complaint, we find that all of the Poulis factors call for dismissal of this case.

Having concluded that this *pro se* complaint is flawed in profound ways, we recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the current complaint fails to state a viable civil rights cause of action, the factual and legal grounds proffered in support of this complaint make it clear that the plaintiff has no right to relief, and the plaintiff has declined to respond to court orders, or otherwise litigate these claims. On these facts, we conclude that granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, it is recommended that the complaint be dismissed without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's Motion to Dismiss (Doc. 25), be GRANTED and the plaintiff's complaint be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of January, 2014.

>                             *S/Martin C. Carlson*
>                             Martin C. Carlson
>                             United States Magistrate Judge