IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SYLVESTER MARTIN,** | **CIVIL NO. 1:13-CV-0203** |
| **Plaintiff** | |
| | **(Judge Rambo)** |
| v. | |
| **UNITED STATES OF AMERICA,** | **(Magistrate Judge Carlson)** |
| **Defendant** | |

# M E M O R A N D U M

  Plaintiff, Sylvester Martin, was one of several prisoners housed at the United States Penitentiary at Canaan and contracted food poisoning. He brought a suit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq*. and as a *Bivens* constitutional tort. Defendant moved to dismiss for Martin's failure to exhaust administrative remedies. Martin has also defaulted by not responding to the motion to dismiss pursuant to Middle District Local Rule 7.6. On January 14, 2014, the magistrate judge to whom this matter was referred filed a report (Doc. 28) and recommended that the motion to dismiss be granted.

  On January 23, 2014, Martin filed a motion for an extension of time to file objections to the report and recommendation (Doc. 30). By order dated January 29, 2014 (Doc. 31), the extension was granted to March 7, 2014 and also directed the Clerk of Court to send Martin certain documents of record. On February 14, 2014, Martin filed for a further extension of time (Doc. 33) and a motion for appointment of counsel (Doc. 32). By order of February 21, 2014, Martin was granted an

extension to April 30, 2014.  On April 30, 2014, Martin filed another motion for extension of time.   No objections to the report and recommendation have been filed.

Martin's motion for appointment of counsel was not addressed at the time of the last request for an extension.  The motion will be denied.  The disposition of this case depends on whether or not Martin exhausted his administrative remedies.  Martin has personal knowledge as to whether he has exhausted those remedies.  He does not need the assistance of counsel to respond to this defense by Defendant.

On December 10, 2013, Martin was advised of his obligation under Middle District Local Rule 7.6 to file a response to Defendant's motion to dismiss.  Thus, his failure to do so can be deemed to be no opposition to the motion.  The magistrate judge also addressed the criteria set forth in *Paulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), before determining that the motion to dismiss for failure to prosecute and correctly determined that dismissal of this action was appropriate for failure to comply with the local rules and order of the court.

The magistrate judge, however, found that Martin's claim failed as a matter of law.  A district court may dismiss a claim brought under the Federal Tort Claims Act for lack of subject matter jurisdiction where a plaintiff has not exhausted his administrative remedies prior to filing suit.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Furthermore, asserting an action under both the Federal Tort Claims Act and a *Bivens* action presents a conflict.  Under a *Bivens* action, the United States of American or a federal agency cannot be sued.  Therefore, the complaint is also flawed for this reason.

For the foregoing reasons, the report and recommendation will be adopted and Martin's motions for appointment of counsel and for a further extension of time will be denied. An appropriate order will be issued.

                                                             s/Sylvia H. Rambo
                                                          United States District Judge

Dated: May 12, 2014.