IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SYLVESTER MARTIN,** | : | **CIVIL NO. 1:13-CV-0203** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **(Magistrate Judge Carlson)** |
| **Defendant** | : | |

## **M E M O R A N D U M**

Before the court are the following documents filed to the captioned case number: Doc. 44: "Motion to Compel an Officer of the U.S. to Perform his Duties"; Doc. 45: Brief in Support (of Doc. 44); Doc. 46: Affidavit; Doc. 47: "Motion to Altering or Amending a Judgment Pursuant to F.R. Civ.P. Rule 59(e)"; Doc. 48: Brief in Support (of Doc. 47); Doc. 49: "Plaintiff's Traverse Brief Setting Forth Objections and Arguments to the United State's [sic] Motion Requesting Dismissal of Plaintiff [sic] Motion to Altering [sic] or Amendment of Judgment Pursuant to F.R.Civ.P. 59(e)." For the reasons set forth below, the motions will be dismissed as untimely and moot.

Plaintiff, Sylvester Martin, was one of several prisoners housed at the United States Penitentiary at Canaan and contracted food poisoning. He brought a suit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq*. and as a *Bivens* constitutional tort. Defendant moved to dismiss for Martin's failure to exhaust administrative remedies.  Martin has also defaulted by not responding to the motion to dismiss pursuant to Middle District Local Rule 7.6. On January 14, 2014, the magistrate judge to whom this matter was referred filed a report (Doc. 28) and recommended that the motion to dismiss be granted.

On January 23, 2014, Martin filed a motion for an extension of time to file objections to the report and recommendation (Doc. 30). By order dated January 29, 2014 (Doc. 31), the extension was granted to March 7, 2014 and also directed the Clerk of Court to send Martin certain documents of record.[1] On February 14, 2014, Martin filed for a further extension of time (Doc. 33) and a motion for appointment of counsel (Doc. 32). By order of February 21, 2014, Martin was granted an extension to April 30, 2014. On April 30, 2014, Martin filed another motion for extension of time.

As of May 12, 2014, no objections to the report and recommendation were filed and this court adopted the report and recommendation of the magistrate judge. (*See* Docs. 36 & 37.) The magistrate judge recommended the action be dismissed pursuant to Middle District Local Rule 7.6 and the criteria set forth in *Paulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The magistrate judge further found that Martin's claim brought under the Federal Tort Claims Act be dismissed for lack of subject matter jurisdiction. (*See* Doc. 36.)

On June 10, 2014, Martin filed his first Motion to Compel an Officer of the United States to Perform His Duties (Doc. 38) and a motion for reconsideration (Doc. 39). The Government responded to the motion for reconsideration (Doc. 41). This court denied the motion for reconsideration and deemed moot the motion to compel. (*See* Docs. 42 & 43.)

On July 16, 2014, Martin filed his second Motion to Compel and Officer of the United States to Perform his Duties (Doc. 44), a brief in support (Doc. 45), an affidavit (Doc. 46), and another motion to alter or amend judgment (Doc. 47) and brief in support (Doc. 48) and a document entitled "Traverse Brief" in response

---

[1] These documents were provided to Plaintiff because he claimed his case files were not keeping up with his transfers and thus he was without access to his files.

to the government's response to his motion to alter or amend (Doc. 49).  The "Motions to Compel an Officer of the United States" appears to be a complaint about the clerk's office in which Martin alleges the clerk's office failed to properly mail documents to him in a "2255 motion."   There are no § 2255 allegations in the instant case.  There was a criminal case in this district against Martin docketed to 1:03-CR-00360 in which a subsequent 2255 motion was filed.  That was before a different judge of this court and the § 2255 motion was disposed of on May 6, 2010.  Therefore, these motions will be dismissed as they are not related to the instant case.

Martin's affidavit (Doc. 46) outlines the various transfers that he has gone through in which he claims he did not have access to his legal materials or a typewriter/computer and lacked postage.  His affidavit shows that he had his legal materials as of April 2, 2014.  He delayed seeking an extension to file his objections to the report and recommendation until April 30, 2014.  He had been given two prior extensions of time for a total extension of time of three months.  The issue in the instant case was whether or not Martin had exhausted his administrative remedies.  Within that time period, Martin could have filed a response without the need to have access to all of his legal documents.  It is also noted that the affidavit (Doc. 46) was 12 pages long and  handwritten.   Thus, access to a typewriter or computer was not necessary in order to file a response to the report and recommendation.

Finally, this case was closed on May 12, 2014 (Doc. 37).  The initial motion to alter or amend judgment (Doc.  39) was denied on July 14, 2014 (Doc. 43).  In none of the documents filed after May 12, 2014 and July 14, 2014 has Martin attempted to respond to the legal issues pertinent to the dismissal of this lawsuit.

The motions filed on July 16, 2014 are moot.  An appropriate order will follow.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated:  July 18, 2014.